## STATE v. JAMES THOMAS GIBSON.

(Filed 20 October, 1965.)

**Criminal Law § 131;    Escape § 1—**

Defendant's contentions that his sentence for escape was excessive for that other prisoners charged with the same offense had received shorter sentences, and for that in addition to the sentence imposed he lost his "good time" credit, are untenable.

APPEAL by defendant from *McLean, J.,* August 1965 Session of CATAWBA.

Defendant was indicted for felonious escape in violation of G.S. 148-45. Upon arraignment, defendant .declared he did not want a lawyer, waived (in writing) the appointment of a lawyer and pleaded guilty.

The indictment charged, and the evidence disclosed, that defendant, on May 28, 1964, in Catawba County, wilfully and feloniously escaped from lawful custody while serving a three-year prison sentence imposed in Case No. 3142 at September 1963 Session of Lincoln Superior Court upon defendant's conviction of the felony of breaking and entering and of larceny. It also appeared that defendant, on May 28, 1964, was

under a three-to-five-year sentence imposed in Case No. 39-885 at the September-October 1963 Session of Mecklenburg Superior Court, upon defendant's conviction of the felony of breaking and entering and of larceny, which sentence was to begin upon expiration of said Lincoln County sentence.

Upon defendant's said plea of guilty, the court pronounced judgment imposing a prison sentence of two years, this sentence to commence upon expiration of said three-to-five-year Mecklenburg County sentence.

After pronouncement of said judgment, defendant gave notice of appeal; and, based on defendant's affidavit of indigency, the court appointed counsel to represent defendant on appeal and ordered that defendant be permitted to appeal *in forma pauperis*. The court also ordered that Catawba County provide a transcript of all proceedings in Catawba Superior Court for defendant's use in connection with his said appeal.

*Attorney General Bruton and Staff Attorney Brown for the State. Charles W. Gordon, Jr., for defendant appellant.*

PER CURIAM. On appeal, defendant assigns as error (1) that the two-year sentence is excessive in that other prisoners charged with escape had received shorter sentences, and (2) that he is suffering "double punishment" because, in addition to the said two-year sentence, his said escape, under the rules and regulations of the Prison Department, caused him to lose "all the good time" credit he had earned on the sentence he was serving at the time of his escape. Obviously, the simple statement of defendant's contentions discloses they are wholly without merit. Further discussion is unnecessary. Hence, the judgment of the court below is affirmed.

Affirmed.