State v. Hinton

---

STATE OF NORTH CAROLINA v. JAMES EDWARD HINTON

No. 7210SC254

(Filed 26 April 1972)

1. **Assault and Battery § 14— felonious assault — sufficiency of evidence**

    The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of felonious assault with a deadly weapon with intent to kill, inflicting serious injury, where the State's evidence tended to show that while defendant was in the process of robbing another person, the victim squirted gas in defendant's face, that defendant shot the victim in the wrist and head, and that the victim received permanent brain damage and paralysis as a result of the assault.

2. **Criminal Law § 138— sentence — credit for confinement awaiting trial**

    Sentence imposed for assault with a firearm inflicting serious injury must be credited with the time defendant spent in confinement awaiting trial as a result of the charge against him in that case. G.S. 15-176.2.

3. **Robbery § 4— armed robbery — victim — fatal variance**

    There was a fatal variance between the indictment and proof in an armed robbery prosecution where the indictment charged the robbery of a named person, who was an employee of an insurance agency, and all the evidence tended to show that a demand for money was made only upon another employee of the insurance agency, that the person named in the indictment stepped into a robbery already in progress and that defendant shot her, not in an attempt to rob her, but because she sprayed gas in his face.

APPEAL by defendant from *Brewer, Judge,* 18 October 1971 Session of Superior Court held in WAKE County.

Defendant pleaded not guilty in two criminal cases. In Case No. 71CR40341, defendant was indicted for committing a felonious assault upon Elizabeth Putman Blake with a pistol with intent to kill, inflicting serious injuries. In Case No. 71CR40342 defendant was indicted for armed robbery of Elizabeth Putman Blake. The two cases were consolidated for trial.

Evidence for the State showed the following: On 29 July 1969 Mrs. Elizabeth Putman Blake and Mrs. Honore Parker Holmes were employed by Auto Insurance Services at 312 East Martin Street in Raleigh. On that date defendant came in and said he wanted to make a payment for one Carl Jones. Upon being told that there was no such customer but that there was a customer named Carl Johns, defendant left. He returned in

the afternoon and said he wanted to make a payment for Carl Johns. Mrs. Holmes testified:

> "I turned to get the Carl Johns file, and when I turned back around, defendant pulled out a gun and told me to give him my money and to get in the back of the office. At this time Mrs. Elizabeth Putman Blake, who had been in the back, was by my side. Mrs. Blake opened a drawer and took a container of poison gas spray and squirted it into the defendant's face. When Mrs. Blake did so, the defendant shot her. There were two shots, I believe. The defendant then ran out the door."

Mrs. Blake, after testifying concerning defendant's first visit, testified:

> "Later in the day the defendant returned and asked about the same customer. Mrs. Holmes got the file and the defendant pulled a gun. It was black. It was a pistol. I do not remember what happened after that."

There was evidence that Mrs. Blake was shot in the wrist and in the head and that she received permanent brain damage and paralysis as a result of her wounds. Both Mrs. Holmes and Mrs. Blake picked out defendant's picture from a group of photographs shown them by a police detective. In the case of Mrs. Holmes this identification occurred a day or two following the robbery. In the case of Mrs. Blake the picture identification occurred some three months later, soon after she went home from the hospital. In September 1971, Mrs. Holmes went with the detective to a court in Washington, where she saw the defendant.

Defendant offered no evidence.

In Case No. 71CR40341 the jury returned a verdict of guilty of assault with a firearm inflicting serious injury. In Case No. 71CR40342 the verdict was guilty of armed robbery as charged. Judgments were imposed as follows:

In Case No. 71CR40341 defendant was sentenced to prison for a term of five years, this sentence to commence on the date of the judgment, 20 October 1971.

In Case No. 71CR40342 defendant was sentenced to prison for a term of thirty years to commence at the expiration of

the sentence imposed in Case No. 71CR40341. The judgment in Case No. 71CR40342 also contained the following:

"It is ordered that the thirty-six (36) days which the defendant has spent in jail awaiting trial be credited to the term of imprisonment herein imposed."

In each of the cases, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General George W. Boylan for the State.*

*Ball, Coley & Smith by Ernest H. Ball for defendant appellant.*

PARKER, Judge.

[1, 2] In Case No. 71CR40341 we find no error. There was ample evidence of the assault charged in the indictment to require submission of the case to the jury, and the sentence imposed was supported by the verdict which found defendant guilty of the lesser included offense described in G.S. 14-32(b). However, the sentence imposed in Case No. 71CR40341 should be credited with the time defendant spent in confinement awaiting trial as a result of the charge against him in that case. G.S. 15-176.2.

[3] In Case No. 71CR40342 the indictment charged defendant with the armed robbery of Elizabeth Putman Blake. All of the evidence in the record discloses, and the State's brief concedes, that it was only upon Honore Parker Holmes that a demand for money was made. There was no evidence from which the jury could find that defendant took or attempted to take any property from Mrs. Blake. Rather, all of the evidence tends to support the conclusion that Mrs. Blake stepped into a robbery already in progress and that defendant shot her, not in an attempt to rob her, but because she sprayed gas in his face. Because of the fatal variance between the indictment and the proof, defendant's motion for nonsuit in Case No. 71CR40342 should have been allowed. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741.

The result is:

In Case No. 71CR40341 the judgment and commitment are modified in that the sentence imposed must be credited with the

time defendant spent in confinement awaiting trial as a result of the charge against him in that case, and accordingly the judgment in that case is so

Modified and affirmed.

In Case No. 71CR40342 the judgment is

Reversed.

Chief Judge MALLARD and Judge MORRIS concur.