STATE OF NORTH CAROLINA v. JERRY ALONZO YOUNG, ALIAS JERRY ALLEN

No. 7218SC631

(Filed 20 September 1972)

1. Criminal Law § 66— in-court identification — independent origin
    There was competent, clear and convincing evidence presented on *voir dire* to support the trial court's findings that an assault victim's identification of defendant as her assailant was based solely on what she observed during the assault and did not result from any out-of-court confrontation or from any pre-trial identification procedure suggestive of and conducive to mistaken identification.

2. **Criminal Law § 42— rings taken from assault victim — evidence of offer to sell**

In a prosecution for assault with intent to commit rape and common law robbery, the trial court properly permitted a witness to testify that defendant offered to sell her two rings which the victim had identified as having been taken from her by defendant.

3. **Constitutional Law § 31— reliability of informant — failure to hold voir dire**

Where a police officer testified that he called a State's witness as a result of information he received from a confidential informant, it was not necessary for the trial court to conduct a *voir dire* hearing as to the reliability of the informant.

4. **Indictment and Warrant § 6— probable cause for issuance of warrant — voir dire — absence of prejudice**

Defendant was not prejudiced by a *voir dire* hearing conducted out of the jury's presence to determine whether probable cause existed for the issuance of a warrant to arrest defendant for common law robbery or by the trial court's findings and conclusion that such probable cause did exist.

5. **Criminal Law § 76— admissibility of confession — court's findings**

The *voir dire* evidence supported the trial court's determination that defendant freely, understandingly and knowingly waived his constitutional rights before confessing to a police officer, and the confession was properly admitted in evidence.

6. **Robbery § 5— instructions on common law robbery**

The trial court adequately declared and explained the law as it relates to a charge of common law robbery.

7. **Rape § 18— assault with intent to rape — instructions defining rape**

The trial court did not err in describing the elements of the crime of rape in defining the crime of assault with intent to commit rape, the offense for which defendant was being tried.

APPEAL by defendant from *Fountain, Judge,* 6 March 1972 Session of Superior Court held in GUILFORD County.

Defendant, Jerry Alonzo Young, was charged in separate bills of indictment, proper in form, with common law robbery and assault with intent to commit rape.

Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

On Thursday, 28 October 1971 at approximately 8:30 p.m., Mrs. Fran Kaufman left a movie theatre in the City of High Point, North Carolina, and walked to her automobile which

was parked in a nearby parking lot. As Mrs. Kaufman prepared to enter her automobile, a man approached her from behind. The evidence shows that there was sufficient lighting from the street to enable Mrs. Kaufman to identify her assailant as the defendant.

Mrs. Kaufman was thrown to the ground and told that she would be killed unless she stopped screaming. She was also told to close her eyes. A substance was sprayed into her face.

Defendant then removed two rings from Mrs. Kaufman's fingers and proceeded to have sexual intercourse with her forcibly and against her will. Defendant then took Mrs. Kaufman's pocketbook and fled; whereupon, Mrs. Kaufman ran into the street, hailed a taxicab, and immediately went to the police station where she reported this assault and gave a description of her assailant.

Defendant offered no evidence. The jury found the defendant guilty as charged of common law robbery and assault with intent to commit rape.

From judgments imposing active prison sentences, defendant appealed.

*Attorney General Robert Morgan and Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*D. Lamar Dowda, Assistant Public Defender, for defendant appellant.*

HEDRICK, Judge.

Defendant first contends that the court erred "in finding as fact and concluding as law that the prosecuting witness's identification of defendant was not tainted and independent of any influence other than her observations on the night of the alleged crime." This contention is without merit.

[1] When the defendant challenged the testimony of Mrs. Kaufman, identifying the defendant as her assailant, the able trial judge followed precisely the procedure set out by Chief Justice Bobbitt in *State v. Moore* and *State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970) by having a *voir dire* hearing in the absence of the jury; where, after hearing the testimony of Mrs. Kaufman, the court made detailed findings of fact as to any out of court confrontation between the witness and the

defendant, and as to what the witness observed during and immediately after the assault. There was competent, clear and convincing evidence to support the court's positive findings that the in-court identification of the defendant by Mrs. Kaufman was of independent origin, based solely on what she observed during and immediately after the assault, and did not result from any out of court confrontation or from any pretrial identification procedure suggestive of and conducive to mistaken identification. Such findings when supported by competent evidence are conclusive on appellate courts, both State and Federal. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971) ; *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534, cert. denied 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970) ; *State v. Hinton,* 14 N.C. App. 253, 188 S.E. 2d 17 (1972) ; *State v. Sneed,* 14 N.C. App. 468, 188 S.E. 2d 537 (1972).

[2]   Defendant's second contention is that the court erred in allowing the State to examine State's witness, Jenny Ferree, about two rings (State's exhibits 2 and 3) when the court had earlier sustained an objection to their introduction into evidence.

The record reveals that Mrs. Kaufman identified at the trial exhibits 2 and 3 as being the rings taken from her by the defendant. After Mrs. Kaufman had identified exhibits 2 and 3, Jenny Ferree was allowed to testify over defendant's objection, that the defendant had offered to sell to her exhibits 2 and 3 for $100. After Jenny Ferree's testimony, exhibits 2 and 3 were admitted into evidence.

In North Carolina, any object which has a relevant connection with a case is admissible. Stansbury, North Carolina Evidence 265 § 118 (2d ed. 1963). Clearly exhibits 2 and 3 have a relevant connection with the case and after Mrs. Kaufman had identified the rings, it was not error to allow Mrs. Ferree to testify that the defendant offered to sell her these rings. This assignment of error is overruled.

[3]   Defendant next contends that the court erred in not conducting a *voir dire* examination as to the "reliability of a confidential informant." This assignment of error is based on an exception to the court's allowing police officer Lawrence Graves to testify, over defendant's objection, that ". . . as a result of information I received from a confidential informer I called

Mrs. Ferree." There was no reason for the court to conduct a *voir dire* examination as to reliability of the informant. The officer merely testified that he called Mrs. Ferree as a result of information he received from the informant. This assignment of error is overruled.

[4] Defendant's next assignment of error challenges the court's findings and conclusion that probable cause existed for the arrest of the defendant for common law robbery. This assignment of error does not relate to the admission or exclusion of any evidence at defendant's trial. The trial court, on its own initiative, conducted a *voir dire* examination to determine whether probable cause existed for the issuance of the arrest warrant. The *voir dire* hearing was conducted out of the presence of the jury and we cannot perceive how the defendant could have been prejudiced by either the hearing or the court's findings and conclusions made thereafter. This assignment of error has no merit.

[5] Defendant's fifth assignment of error is based on the court's allowing the State to offer into evidence, over defendant's objection, defendant's purported confession to Officer Collins. Upon defendant's objection, the court held a *voir dire* examination as to the facts and circumstances surrounding defendant's purported confession to Officer Collins, wherein Officer Graves, Officer Collins and the defendant, all testified that the defendant had been advised of his constitutional rights. After the *voir dire* examination, the court made findings and concluded that "the defendant fully understood and freely, knowingly, voluntarily, and affirmatively waived each of those rights before making any statement to Officer Collins about the case against him." We have reviewed all of the evidence on *voir dire* examination and find that the evidence supports the court's findings and conclusions. Findings on *voir dire,* when supported by competent evidence, are conclusive on appeal. This assignment of error is overruled.

The defendant next assigns as error the court's denial of his motion for judgment as of nonsuit. There was plenary, competent evidence to require the submission of this case to the jury and to support the verdict. This assignment of error is overruled.

[6] The defendant, by his seventh assignment of error, contends that the court failed "to adequately define the crime of

common law robbery." In *State v. Bailey*, 278 N.C. 80, 85, 178 S.E. 2d 809, 812 (1971), it is stated, "Robbery is the taking, with intent to steal, of personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation." We have carefully reviewed the court's instructions as they relate to this assignment of error and find that the court correctly, fairly and adequately declared and explained the law as it relates to the charge of common law robbery. This assignment of error is without merit.

Defendant's eighth assignment of error alleges that the court erred "in reviewing for the jury the elements of the capital crime of rape, when defendant was not charged with rape."

[7] It was not prejudicial error for the court to describe elements of the crime of rape in defining the crime with which defendant was charged, assault with intent to commit rape. The trial judge has great discretion in the manner in which he charges the jury, but he must explain every essential element of the offense charged. *State v. Mundy*, 265 N.C. 528, 144 S.E. 2d 572 (1965). To constitute an assault with intent to commit rape, there must be both an assault and an intent on the part of the defendant to gratify his passion notwithstanding any resistance by the victim. *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963). Rape is the carnal knowledge of a female forcibly and against her will. *State v. Crawford*, 260 N.C. 548, 133 S.E. 2d 232 (1963). Thus, assault with intent to commit rape is a lesser included offense of the crime of rape, *State v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838 (1962), and a definition of rape aids in the explanation of the offense of assault with intent to commit rape. This assignment of error is overruled.

We have carefully considered all of defendant's assignments of error and find that defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.