STATE OF NORTH CAROLINA v. STEVE ODOM

No. 7320SC423

(Filed 13 June 1973)

**Criminal Law § 66— illegal pretrial show-up — in-court identification — independent origin**

The evidence on *voir dire* supported the trial court's determination that a robbery victim's in-court identification of defendant as the perpetrator of the crime was based on her observations of defendant during the robbery and was not tainted by a previous illegal show-up at the county jail.

APPEAL by defendant from *Martin, Harry C., Judge,* 17 November 1972 Session of Superior Court held in RICHMOND County.

Defendant, Steve Odom, was charged in an indictment, proper in form, with the armed robbery of Mrs. C. L. Cole. Upon his plea of not guilty, the State offered evidence tending to show that at about 6:00 p.m., 25 August 1972, defendant entered the store in which Mrs. C. L. Cole is employed, walked to the "ice cream box" and "stood there with his back to me for about five minutes." Mrs. Cole was seated on a cot behind a glass counter and detected a pistol in defendant's left front pocket. She testified: "Sudden-like he whirled around with a gun and a freeze pop and I could see about four inches of the barrel of the gun. He said this is a robbery and for me not to try anything." As defendant reached behind the counter to remove the $100.00 from the "cash box," Mrs. Cole observed the name "Steve" tattooed on his right arm. Defendant then fled from the store.

Defendant offered evidence tending to establish an alibi and denied that he was the perpetrator of the robbery.

The jury found defendant guilty as charged and from a judgment imposing a prison sentence from twelve to sixteen years, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General Claude W. Harris for the State.*

*Leath, Bynum & Kitchin by Henry L. Kitchin for defendant appellant.*

State v. Odom

HEDRICK, Judge.

Defendant contends the trial court erred in admitting into evidence witness Cole's in-court identification of him as the perpetrator of the robbery.

Before allowing Mrs. Cole's in-court identification of defendant as the person who committed the robbery, the trial judge conducted a *voir dire* examination in the absence of the jury; and, after hearing testimony of Mrs. Cole, defendant, Deputy Sheriff Joe Warner of Richmond County, and Jesse Goodwin, Jailer of Richmond County, the court made findings and conclusions "[t]hat the identification or show-up of the defendant in the Richmound County Jail was unconstitutional and impermissible." However, the judge made further findings that the in-court identification of defendant by Mrs. Cole was based "upon her independent memory in her viewing of him in her presence on August 25, 1972" and "was not tainted or rendered incompetent as evidence by the subsequent unconstitutional show-up at the Richmond County Jail." Such findings when supported by competent evidence are conclusive on appellate courts, both State and Federal. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971); *State v. Sneed,* 14 N.C. App. 468, 188 S.E. 2d 537 (1972). There is plenary, competent evidence in the record to support these positive findings. This assignment of error is overruled.

Defendant assigns as error the denial of his motions for judgment as of nonsuit. There is plenary, competent evidence in the record to require submission of this case to the jury and to support the verdict.

Defendant has additional assignments of error which we have carefully considered and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.