Archie MARTINEZ, Appellant,

v.

The STATE of Wyoming, Appellee.

Phil MAES, Appellant,

v.

The STATE of Wyoming, Appellee.

Nos. 4183, 4184.

Supreme Court of Wyoming.

June 18, 1973.

Raymond B. Whitaker, Casper, for appellant Martinez.

David R. Nicholas, Laramie, for appellant Maes.

Clarence A. Brimmer, Atty. Gen., and Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Defendants, Archie Martinez and Phil Maes, were charged with the crime of first degree rape. On trial both were found guilty of assault and battery with intent to commit a felony. Each was sentenced to the state penitentiary for not less than one year nor more than 13 months. Both have appealed.

Although represented by different attorneys in their appeals, the assignments of error made on behalf of the two appellants are substantially the same. We are unconvinced that reversible error was committed

in connection with the trial of defendants. In order to demonstrate why we say so, we undertake to address ourselves as deemed necessary to each assignment made.

1. *Arrest Warrant.* In our court, appellants contend there was a lack of reasonable cause for the issuance of a warrant for the arrest of Martinez and Maes. They rely on Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306. The facts in this case, however, are not at all similar to those in the *Whiteley* case.

Here, a written complaint was made and sworn to by Donald A. Peterson, father of the prosecutrix, before a justice of the peace. The complaint recites it is based on the affidavits of Robert W. Asnicar and Archie J. Martinez "attached hereto and by this reference expressly made a part hereof." Appellants argue no such affidavits were in fact attached. Their contention in that regard is not substantiated.

On the same day that a transcript of the justice docket was filed in the district court, sworn statements by Robert W. Asnicar and Archie J. Martinez were filed in the district court. The statement of Asnicar consists of eight pages and the statement of Martinez consists of 41 pages. Staple holes are in the corner of all statement pages and in the corner of the complaint, indicating all may have been originally attached.

We deem it immaterial whether the statements were in fact actually attached to the complaint to begin with. It is quite apparent from the record that the justice of the peace had access to these sworn statements (which were indeed affidavits) and he knew of their contents.

Regarding the matter of probable cause for an arrest warrant, the Martinez statement shows on its face all of the Miranda warnings, that the statement was in all respects voluntary, and that it contained an intelligent and voluntary waiver of constitutional rights. We are not at this time concerned with whether it was admissible in evidence. We are concerned with the fact that Martinez stated under oath that he and Maes held the arms and legs of the prosecutrix while Onesimo Martinez attempted to have intercourse with her.

According to the statement of Asnicar, he was one of two police officers who came upon the scene in time to interrupt the affair here involved. His statement indicates he heard the girl hollering, "Please help me." When the officers first got to where the girl was, she said, "They raped me." The statement further indicates the girl was hysterical and crying. The defendants were picked up by the officers in the vicinity of where the girl was found, according to the statement.

Without belaboring the point or attempting to cite precedent, we can say the justice of the peace appears to have had ample probable cause for issuing a warrant for the arrest of defendants. Nothing mentioned or cited on behalf of appellants is persuasive to the contrary.

2. *Included Offense.* Appellants complain that assault and battery with intent to commit a felony (such as rape) is not a lesser included offense in first degree rape; and the trial court should not have instructed the jury to that effect.

Rule 32(c), W.R.Cr.P., provides the defendant may be found guilty of an offense necessarily included in the offense charged or "of an attempt to commit" either the offense charged or an offense necessarily included therein if the attempt is an offense.

Here, the attempt is indeed an offense. Section 6–64, W.S.1957, provides whoever perpetrates an assault or assault and battery upon any female with intent to commit the crime of rape shall, upon conviction, be imprisoned in the penitentiary not less than one year nor more than 50 years.

The defendants cannot complain because the trial judge instructed on § 6–69, W.S.1957, as an included offense rather than § 6–64. Section 6–69 (assault or assault and battery with intent to commit a felony) carries a maximum penalty of only

14 years, whereas the maximum penalty under § 6–64 is 50 years. Thus, defendants were not prejudiced in the use of § 6–69 instead of § 6–64. As stated in Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, 227, a charge of rape embraces the lesser included offenses of assault and battery with intent to commit rape, assault with intent to commit a felony, and assault and battery.

As far as our Rule 32(c) is concerned, it is in keeping with the weight of authority to the effect that a charge of rape includes the lesser offense of assault with intent to rape.[1]

█ The evidence in the instant case was such that the jury could believe all three boys were intending to rape the prosecutrix and would have done so if police officers had not come along. The prosecutrix testified that she was told by Archie Martinez that before the night was through they would all have intercourse with her.

First degree rape and assault and battery with intent to rape (or with intent to commit a felony) are all felonies. Section 6–14, W.S.1957, provides whoever shall aid or abet in the commission of any felony shall be deemed an accessory before the fact, "and may be indicted, informed against, tried and convicted in the same manner as if he were a principal."

The undisputed evidence was such that Archie Martinez and Phil Maes were accessories to whatever crime Onesimo Martinez was guilty of; and they could be proceeded against as if they were principals. Certainly Onesimo Martinez, according to the undisputed testimony, was guilty either of assault and battery with intent to rape or of assault and battery with intent to commit a felony. Accordingly, the defend-

ants here involved could be found guilty of the same offense.

The evidence was such in the case before us that the jury could believe Onesimo Martinez attempted to and intended to rape the prosecutrix and would have done so except for the arrival of police officers. From such evidence, the jury could believe that Archie Martinez and Phil Maes were accessories before the fact to the crime of Onesimo Martinez; and the jury could also believe the two defendants here charged intended to rape the prosecutrix and would have done so if the police had not arrived.

3. *Intent.* Appellants object to Instruction No. 14 which was given to the jury. It states:

"You are instructed that in order to find the Defendants guilty of the crime of aiding or abetting an assault and battery with the intent to commit the crime of rape, you must find, beyond a reasonable doubt, that Onesimo Martinez had a specific intent to penetrate the sexual organs of the female at least to some extent. The intent necessary is an intent to have intercourse with the girl, not merely to take indecent liberties with her person."

██ At the trial, objection was made to the giving of the instruction on aiding and abetting on the basic ground that there was no proof either of the defendants had any knowledge or willfully participated in any crime consisting of an assault with an intent to commit a felony or rape, nor is it possible for a defendant to ever participate in a mere attempt to commit a crime and to do so knowingly and willfully with a specific intent.

We see no merit at all in this objection, and apparently the trial court did not.

---

1. State v. Young, 16 N.C.App. 101, 191 S.E.2d 369, 373; State v. Wells, Mo., 305 S.W.2d 457, 458; State v. Green, 246 N.C. 717, 100 S.E.2d 52, 54; State v. Jones, 249 N.C. 134, 105 S.E.2d 513, 516; Daniel v. Maxwell, 176 Ohio St. 207, 198 N.E.2d 657, 658; Blanton v. State, Okl. Cr., 357 P.2d 243, 250; State v. Cook, 242

Or. 509, 411 P.2d 78, 83; State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654, 656; Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, 227; Johnson v. State, 217 Tenn. 234, 397 S.W.2d 170, 173; Ex parte Nations, Tex.Cr.App., 303 S.W.2d 795, 796.

The objection, as given at the trial, is not supported by cogent reasoning or authority. It has been and should be disallowed.

On appeal, the objection is that the instruction did not properly advise the jury as to what the intent element of the crime is. It was not, however, made clear to the trial court that such an objection was being made to the giving of Instruction No. 14. Accordingly, appellants should not now be heard to urge a ground of objection which was not presented to and passed upon by the trial court. Ballinger v. State, Wyo., 437 P.2d 305, 308.

Regardless of this appellate rule, however, we can say there is no merit in the objection made on appeal. The jury was amply, fully and correctly instructed on the element of intent in Instruction No. 14 and in other instructions which were given.

Appellants rely on State v. Wilson, 32 Wyo. 37, 228 P. 803, 805, quoting the following:

"The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent. . . . In cases of this kind it is the duty of the court to carefully instruct the jury as to the distinction between improper liberties with the intent to have sexual intercourse and improper liberties without such intent."

It is apparent that Instruction No. 14 is in keeping with and follows the *Wilson* opinion. When all instructions are considered as a whole, we find no basis for saying the court did not sufficiently instruct on the matter of intent.

4. *Martinez Argument No. 4.* On behalf of Martinez only, Argument No. 4 is made in the following words:

"The State charged Archie Martinez with felonious carnal knowledge of Susan Peterson. (R–4). If the crime of assault and battery with intent to commit a felony is an included offense, the included offense would be assault and battery by Archie Martinez of Susan Peterson with Archie's intent to rape her. This was not the theory upon which he was convicted as the jury was instructed that the intent of Onesimo Martinez was an element. (R–55). The intent of Onesimo Martinez was not an element of the original indictment of Archie Martinez, as Onesimo Martinez was not even mentioned.

'A conviction cannot be had of a crime as included in the offense specifically charged unless the indictment in describing the major offense contains all the essential averments of the lesser, or the greater offense necessarily includes all the essential ingredients of the lesser.' 42 C.J.S. p. 1297, Indictments and Informations, § 275."

We find nothing in the foregoing argument to address ourselves to, especially in view of what we have already said in connection with previous assignments. We can and will say no reversible error is clearly delineated in the argument and we will not speculate on what the complaint of appellant Martinez may be. Whatever it is, Maes has not joined in it.

5. *Testimony of Prosecutrix.* Appellants claim the testimony of the prosecutrix shows she had the inclination to tell "little white lies" and resorted to calculated perjury to clear her good name; that the jury gave undue weight to uncorroborated evidence that was unreasonable, improbable and opposed to conceded facts; and that the testimony of the prosecutrix was in no way convincing and should not be sufficient evidence to support the conviction of appellants.

It is so well settled that these matters are for the jury to judge and not for an appellate court that we deem it unnecessary to cite authority. Moreover, the argument, insofar as it suggests a lack of corroboration, overlooks the testimony of police officers and a physician. For exam-

ple, one of the officers told of gathering up the prosecutrix' Levis, panties and shoes. Also, the physician testified concerning mouth lacerations, a bruised lip, tenderness over a cheekbone, and blood on the thighs and in the vagina of the prosecutrix.

6. *Prior Acts of Unchastity.* On behalf of appellant Maes only, it is suggested the trial court should have permitted evidence of prior acts of unchastity to be elicited from the prosecutrix on cross-examination. Counsel claims the courts are divided respecting the admissibility of prior acts of unchastity and states the trial court based its ruling principally upon the discussion and annotation in 140 A.L.R. 364, 382.

The record indicates, when this matter arose during trial, the court took a recess and the matter was discussed in chambers. According to the record, counsel for defendant Maes withdrew his question pertaining to prior acts of unchastity; and requested the privilege of recalling the prosecutrix for further cross-examination or as a defense witness at a later time. Defense counsel expressly stated, "I would defer or will defer this question until a further time in the trial." The court stated: "If and when it is produced, I will reconsider permitting the defendants to recall the prosecutrix, on the question of previous acts of unchastity." When the court went into session, defense counsel said "in accordance with what we discussed in chambers, I will defer questioning along the lines that I had been questioning before."

There is nothing in the record to indicate Maes' attorney subsequently pursued the matter of questioning the prosecutrix concerning previous acts of unchastity. We will therefore consider that the right to do so was waived. We might add as a passing comment that we fail to find in Maes' brief cogent authority for the right to question the prosecutrix concerning previous acts of unchastity.

Having examined all of the assignments of error asserted on behalf of appellants and having found no reversible error in connection with any of them, we hold both convictions must be sustained.

Affirmed.