STATE OF NORTH CAROLINA v. CHARLES ARTHUR McCLINTON

No. 7326SC600

(Filed 14 November 1973)

1. Criminal Law § 75— written confession — voluntariness — admissibility

The trial court's findings of fact that defendant possessed above average intelligence, was able to read and understood what he read, was fully advised of his constitutional rights including the right to an attorney before answering any question, understood his constitutional rights and executed a written waiver of his rights supported the court's conclusions that defendant's written confession was made voluntarily and understandingly.

2. Criminal Law § 138; Robbery § 6— armed robbery — severity of sentences of codefendants

The trial court in an armed robbery case did not abuse its discretion in imposing a more severe sentence upon defendant than upon his codefendant, though defendant pleaded not guilty and stood trial while his codefendant pleaded guilty to the same offense as well as another offense.

APPEAL by defendant from *Grist, Judge,* 5 March 1973 Session of MECKLENBURG Superior Court.

By bill of indictment, proper in form, defendant was charged with armed robbery. He pleaded not guilty, a jury returned a verdict of guilty as charged, and the court entered a judgment imposing a prison term of not less than fifteen nor more than twenty years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr., for the State.*

*Edmund A. Liles for the defendant appellant.*

BRITT, Judge.

[1] Defendant's first six assignments of error are founded upon the contention that the trial court erred in admitting into evidence a written confession signed by him. We find no merit in these assignments.

It is well settled in this jurisdiction that whether the alleged confession of a defendant was voluntarily and understandingly made is a question of fact to be determined by the trial judge upon a *voir dire* and the findings of fact by the trial judge as to the voluntariness of a confession are conclusive if they are supported by competent evidence in the record. *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404 (1971); *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966); *State v. Young,* 16 N.C. App. 101, 191 S.E. 2d 369 (1972); and *State v. Caldwell,* 15 N.C. App. 342, 190 S.E. 2d 371 (1972).

In the case at bar, following a *voir dire* hearing on defendant's motion to suppress the evidence provided by the confession, the court found as facts and concluded that defendant possessed above average intelligence, completed the eleventh grade in high school, had better than average understanding of the English language and was able to read and "comprehend the contents of the printed and written word"; that he had been fully advised of his constitutional rights including the right to an attorney before answering any question; that defendant understood his constitutional rights; that he executed a written waiver of his rights to remain silent and to the presence of an attorney during his interrogation; and that the confession was knowingly, willingly, understandingly, and voluntarily made without any inducement, threat, violence or mental coercion of any kind and was therefore admissible into evidence.

A review of the evidence heard on *voir dire* discloses: The interrogating officer submitted to defendant, before questioning began, a form containing the standard *Miranda* warning. The officer asked defendant to read the form, which he did, and then asked him if there were any questions and whether he understood it. Defendant did not ask any questions and answered that he understood the import of the form. Defendant completed eleven grades in school and had no problem understanding English. Defendant testified that Officer Thompson read the waiver of rights form to him and then asked defendant to read the form; that thereafter he signed the form. There was other evidence which was conflicting but that evidence raised a question of the credibility of the witnesses, which was for the determination of the trial court. *State v. Logner,* 266 N.C. 238, 145 S.E. 2d 867 (1966); *State v. Clyburn,* 273 N.C. 284, 159 S.E. 2d 868 (1968); and *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971).

We conclude that there was competent evidence to support the findings of fact and the findings of fact support the conclusions of law.

[2] By his seventh assignment of error, defendant contends the court erred in imposing a more severe sentence upon him, who had pleaded not guilty and stood trial, than was imposed upon his codefendant who pleaded guilty to the same offense as well as another offense, the record being silent as to the reason for the harsher sentence. We find no merit in this assignment.

The record discloses that on 5 June 1972 (defendant's trial being in March 1973) the codefendant pleaded guilty to two counts of armed robbery and that as to him Judge J. W. Jackson entered judgment imposing a maximum sentence of eight years as a "committed youthful offender" for treatment and supervision pursuant to G.S. 148-Art. 3A. The record further indicates that at the time of the offense alleged in the instant case, defendant was either twenty or twenty-two years of age and his codefendant was seventeen years of age. Be that as it may, there is no requirement that defendants charged with the same offense be given the same punishment. If the punishment is within the statutory limits, as is the case here, the punishment imposed in a particular case is within the sound discretion of the judge. *State v. Gibson,* 265 N.C. 487, 144 S.E. 2d 402 (1965); *State v. Garris,* 265 N.C. 711, 144 S.E. 2d 901 (1965).

There is no showing on this appeal that there was an abuse of discretion on the part of the trial judge.

We conclude that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge HEDRICK concur.