STATE OF NORTH CAROLINA v. JAMES EDWARD HINTON

No. 7410SC65

(Filed 6 March 1974)

Constitutional Law § 34; Criminal Law § 26— double jeopardy — robbery conviction set aside — wrong victim named — trial for robbery of correct victim

Where defendant's conviction for attempted armed robbery of a named employee of an insurance agency was set aside because the evidence showed that defendant made a demand for money only upon another employee of the insurance agency and that the person named in the indictment stepped into a robbery already in progress and was shot by defendant when she sprayed gas in defendant's face, defendant was not subjected to double jeopardy when he was placed on trial for the attempted armed robbery of the insurance agency employee from whom he had demanded money.

APPEAL by defendant from *Braswell, Judge,* 23 July 1973 Session of Superior Court held in WAKE County. Argued in the Court of Appeals 19 February 1974.

Defendant was charged in a bill of indictment with attempted armed robbery of Honore Parker Holmes.

The State's evidence consisted of the testimony of Honore Parker Holmes and her co-worker, Elizabeth Putman Blake. Mrs. Holmes testified: "I was employed at Auto Insurance Service on East Martin Street. I saw the defendant at my place of

State v. Hinton

employment on July 29, 1969. In the morning, the defendant came in and said he wanted to make a payment for Carl Jones, on Lee Street. I looked in the file and advised him that we didn't have a person that we insured named Carl Jones, but I had a Carl Johns. The defendant said he would come back, and (he) left. After lunch Elizabeth Putman Blake and I had just come back in the office. The defendant came back in the office. I was at my desk and he said he wanted to make a payment for Carl Johns and I turned to get the file for Carl Johns, and I had pulled the file out and was turning back around and the the defendant had pulled a gun out and he said I want your money and get in the back, get in the back. Mrs. Blake had come in at that time and saw him with the gun, too. I said if we get in the back I can't give you any money. I said why don't you just take my pocketbook right down there, it was by the file. I just said take my pocketbook and go and get what you want out of it. Mrs. Blake moved over towards her desk and opened the drawer and had gotten out a little can of tear spray and had sprayed that on him." Mrs. Holmes further testified that, when Mrs. Blake sprayed the tear gas on defendant, he shot Mrs. Blake and ran out of the office.

Mrs. Blake's testimony corroborated the testimony of Mrs. Holmes concerning defendant's first visit to the office. Concerning defendant's second visit, Mrs. Blake testified: "When he came in the office I was coming from the back room . . . I heard a mumbling going on. I don't remember what he was saying because I didn't understand it all. As I came back into the room Mrs. Holmes was getting the file and he had the gun and from then I can't recall the exact movements that I made. I remember coming in, seeing the gun and leaning over my desk." Mrs. Blake suffered serious permanent injury from being shot in the head.

The jury found defendant guilty of attempted armed robbery of Mrs. Holmes. Defendant appealed.

*Attorney General Morgan, by Associate Attorney General Raney, for the State.*

*Ernest H. Ball for the defendant.*

BROCK, Chief Judge.

Before entering upon the trial of this case, defendant filed a written plea in bar to the prosecution on the grounds of

former jeopardy. The ruling of the trial court denying defendant's plea of former jeopardy is the sole question raised on this appeal.

Defendant was tried at the 18 October 1971 Session of Superior Court held in Wake County upon two indictments: (1) felonious assault upon Elizabeth Putman Blake, and (2) attempted armed robbery of Elizabeth Putman Blake. He was convicted of both charges and appealed. This Court found no error in the trial and conviction of the felonious assault charge. *State v. Hinton,* 14 N.C. App. 253, 188 S.E. 2d 17. However, in the same opinion, this Court found no evidence to sustain a conviction of the charge of attempted armed robbery of Mrs. Blake and reversed.

We have carefully reviewed the evidence in the trial of defendant at the 18 October 1971 Session and the evidence in the trial from which this appeal has been taken. The State's evidence in defendant's trial at the 18 October 1971 Session upon the charge of attempted armed robbery of Mrs. Blake was, in all pertinent respects, the same as the State's evidence in defendant's trial upon the charge of attempted armed robbery of Mrs. Holmes which is involved in this appeal. The reason for the reversal of defendant's conviction of the attempted armed robbery of Mrs. Blake is clearly stated in the opinion of the Court in *State v. Hinton, supra:* " . . . [T]he indictment charged defendant with the armed robbery of Elizabeth Putman Blake. All of the evidence in the record discloses, and the State's brief concedes, that it was only upon Honore Parker Holmes that a demand for money was made. There was no evidence from which the jury could find that defendant took or attemped to take any property from Mrs. Blake. Rather all of the evidence tends to support the conclusion that Mrs. Blake stepped into a robbery already in progress and that defendant shot her, not in an attempt to rob her, but because she sprayed gas in his face. Because of the fatal variance between the indictment and the proof, defendant's motion for nonsuit . . . should have been allowed."

Clearly, the evidence does not support a conviction of both charges. It only supports a conviction of an attempted armed robbery of Mrs. Holmes. Defendant relies upon the "same—evidence test" as defined in *State v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871, and as applied in *State v. Ballard,* 280 N.C. 479, 186 S.E. 2d 372. The test is stated as follows: "Whether the facts

alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment, or whether the same evidence would support a conviction in each case." The allegations in the indictments did not allege an attempted armed robbery of the employer of Mrs. Holmes and Mrs. Blake. On the contrary, the first alleged an attempted armed robbery of Mrs. Blake, and the present one alleges an attempted armed robbery of Mrs. Holmes. There was no evidence at either trial that defendant attempted to rob the employer of Mrs. Blake and Mrs. Holmes. The evidence at both trials was the same, but it tended to show an attempt to rob only Mrs. Holmes. Consequently, the facts alleged in the second indictment, and the evidence given in support thereof, could not have sustained (and in fact did not) a conviction under the first indictment, nor could the same evidence support a conviction in each case. Application of the "same—evidence test" does not aid defendant's argument. Defendant has not been twice put in jeopardy for the same offense.

No error.

Judges MORRIS and CARSON concur.