Fairchild, J.
 

 In support of appellant’s argument that the representation in his application of November 26, 1942, to the OPA for an allowance of gasoline because his principal occupation was “physician,” “specializing in arthritis and
 
 *382
 
 rheumatism” was not competent evidence of the charge against him for acts of January 27, 1943, it is urged that such evidence has no relation to what occurred on the latter date.
 

 It appears that this application was to enable appellant to pursue his plan of pretending to be a licensed physician. He asked for extra gasoline representing that he was a physician treating the sick and the allowance was for gasoline to be used' over a period of three months. The request was made two months before the facts occurred on which this charge is based. The question of whether appellant assumed the title of doctor and held himself out as a licensed physician may well be answered in the light of the course of conduct closely connected with the event. The acts and declarations by their nature and because of the time sequence are too closely connected and too interdependent to be ruled out. They show a general and continuing intent to do the very thing he was accused of doing and of which the jury found him guilty.
 
 Dietz v. State,
 
 149 Wis. 462, 469, 470, 473, 136 N. W. 166;
 
 State v. Meating,
 
 202 Wis. 47, 51, 231 N. W. 263;
 
 Herde v. State,
 
 236 Wis. 408, 295 N. W. 684.
 

 The fact that the original complaint and warrant did not set forth the particular accusation does not constitute error. There was a sufficient information and the testimony upon the preliminary hearing disclosed the facts on which the present charges were properly made. Secs. 355.09 and 355.17, Stats.
 

 An examination of the testimony of the complaining witness and the consideration of the evidence adduced at the trial reveals ample evidence to support the verdict of the jury.
 

 By the Court.
 
 — Judgment affirmed.
 

 Barlow, J., took no part.