506 P.2d 1102

The STATE of Arizona, Appellant,

v.

Frank Loather ELLING and Peter John
Elling, Appellees.

No. 2 CA–CR 315.

Court of Appeals of Arizona,
Division 2.

March 8, 1973.

Review Denied May 1, 1973.

Gary K. Nelson, Atty. Gen., Phoenix,
Dennis DeConcini, Pima County Atty., by
Howard Hantman, Deputy County Atty.,
Tucson, for appellant.

Feldman, Wolin & Lahr, P. C., by Jack
H. Lasseter, Tucson, for appellees.

KRUCKER, Judge.

An order granting the defendants' mo-
tion to quash an indictment is the subject
of this appeal. The State presents the fol-
lowing question for review:

> "When a magistrate dismisses a com-
> plaint following an extensive preliminary
> examination on the ground that there
> was an illegal search, is the State pre-
> cluded from thereafter obtaining a
> Grand Jury indictment against the de-
> fendants on substantially the same evi-
> dence?"

The sequence of events preceding
the motion to quash is as follows. At the
conclusion of a preliminary hearing on a
complaint charging the defendants with
unlawful possession of marijuana for sale,
the committing magistrate ruled that a
search was illegal and dismissed the com-
plaint. The propriety of such ruling on a
determination of probable cause has been
approved by the Supreme Court of this
State. State v. Jacobson, 106 Ariz. 129,
471 P.2d 1021 (1970). Three weeks later
the Pima County Grand Jury, on substan-
tially the same evidence, returned a true
bill charging the defendants with the same

crime. Defendants filed alternative motions:

(1) A motion to quash on the grounds that the court lacked jurisdiction, and

(2) A motion to suppress all evidence on the ground that it was the product of an illegal search and seizure.

The State opposed the motion to quash, but the lower court granted it, relying on the following language in Wilson v. Garrett, 104 Ariz. 57, 448 P.2d 857 (1969):

" . . . a criminal prosecution must not be shuttled from one magistrate to another simply because a county attorney is not satisfied with the action of the magistrate in the precinct whose jurisdiction was first invoked. . . . Were it otherwise, an accused could be repeatedly charged before a series of magistrates, repeatedly subjected to jail, to the posting of bonds and to the expense and harassment of appearing in person and with witnesses to defend." 448 P.2d at 859.

█ Because of the above-quoted language, the lower court was of the opinion that the prosecution's resort to the Grand Jury was a "shuttle" denounced by Wilson v. Garrett, supra. We do not believe that *Wilson* mandates the result reached below.

██ A proceeding before an examining magistrate is not a judicial trial but merely a judicial inquiry and dismissal of a complaint is not an absolute bar to further prosecutions. State v. Byrd, 94 Ariz. 139, 382 P.2d 555 (1963); 22 C.J.S. Criminal Law § 347. In the case of Skinner v. Superior Court in and for County of Pima, 106 Ariz. 287, 475 P.2d 271 (1970), our Supreme Court reiterated this principle; pointing out that the determination of a preliminary hearing is not a final judgment. In *Skinner,* the committing magistrate discharged the defendants for lack of sufficient evidence and two months later, pursuant to the county attorney's motion, vacated its order of dismissal and reopened the preliminary examination to allow the prosecution to present testimony of a witness who had previously refused to testify.

In Wilson v. Garrett, supra, the Supreme Court rested its decision on enforcement of the principle of priority, i. e., where two courts have concurrent jurisdiction the first acquiring jurisdiction retains it to the exclusion of the other until the case is finally determined. The court discussed the legislative purpose in amending A.R.S. § 22–301 to limit the jurisdiction of justices of the peace to conduct preliminary examinations to offenses committed within their respective precincts. It stated that the spirit and plain intendment of the amended act required that the prosecution be confined "to the jurisdiction of the first choice." Therefore, in *Wilson,* since both superior court and justice court had concurrent jurisdiction to conduct a preliminary hearing, and the prosecution had invoked the jurisdiction of the latter (which had dismissed the complaint), it could no longer invoke the jurisdiction of the former. In closing, the court stated:

"We note that the prosecuting attorney is not foreclosed from proceeding in the same justice precinct if it appears that a different decision would be justified. Nor, of course, is the state foreclosed from presenting the matter to a grand jury." 448 P.2d at 859.

In the case at bench, the prosecution did not proceed contrary to the principle enunciated in Wilson v. Garrett, supra. It did not shuttle the prosecution from one committing magistrate to another.

We are not unmindful of the recent decisions of Stone v. Hope, 488 P.2d 616 (Okl.Cr.1971) and People v. Uhlemann, Cal., 105 Cal.Rptr. 21, 503 P.2d 277 (1972). In the *Stone* case, the Oklahoma court held that before a prior dismissal by a committing magistrate can be overturned, the State must produce additional new evidence not presented and unavailable at the previous preliminary. We do not believe that the Oklahoma decision is apposite since in that jurisdiction the committing magistrate's ruling on the sufficiency of the evidence at the preliminary examination is considered "final and binding" and

he has the authority to rule on a motion to suppress at a preliminary examination. In Arizona, the rule is contrary—the determination of a preliminary hearing is not a final judgment, *Skinner,* supra, nor does a magistrate have the power to grant a motion to suppress. State v. Jacobson, supra.

The *Uhlemann* case is likewise distinguishable. In *Uhlemann* the California Supreme Court reiterated the established rule in California that a magistrate's order dismissing a complaint is not a bar to another prosecution for the same offense either by filing a subsequent complaint or by seeking a Grand Jury indictment. In that case, however, the dismissal was based upon the magistrate's *factual* determination that the defendant did not commit an offense. The court stated:

> "The instant case, however, presents a novel situation justifying an exception to that long standing rule. As will appear, we have concluded that if the magistrate's findings of fact affirmatively establish defendant's innocence, or disclose an absolute defense to the crime charged, the People should be barred, at least absent unusual circumstances not present here, from initiating further proceedings based upon the charges so dismissed." 105 Cal.Rptr. at 22–23, 503 P. 2d at 278–279.

Contrary to Arizona, in California the State has a right to appeal a magistrate's order dismissing a complaint following a preliminary examination. The State, however, rather than appeal, sought and obtained a Grand Jury indictment against Uhlemann based upon the same transactions as those upon which the dismissed complaint was based. The California Supreme Court held that since the magistrate's determination was a decision on the merits of the State's case rather than the ordinary finding of insufficiency of the evidence or lack of probable cause, thè doctrine of collateral estoppel applied:

> "Yet assuming that the preliminary examination constitutes a full adversary hearing which can, under certain circumstances, culminate in a judicial determination that a defendant is innocent of the charges against him, we see no reason why the doctrines of res judicata or collateral estoppel should not apply. True, prior cases have stated that these doctrines are inapplicable to orders dismissing criminal proceedings following preliminary hearings. [Citations omitted] Yet none of these cases involved a magistrate's factual determination on the merits in favor of defendant. In fact, the prior cases reason that a dismissal following the preliminary hearing ordinarily only rests upon the magistrate's conclusion that, for one reason or another, the particular proceedings then before him should be terminated, and not upon any determination of the merits. [Citation omitted] For example, in People v. Prewitt, *supra,* 52 Cal.2d 330, 341 P.2d 1, we noted that 'This rule [permitting successive prosecutions] specifically applies when the previous dismissal was based on the magistrate's conclusion that the evidence was illegally obtained.' [Citation omitted]
>
> On the other hand, in cases wherein the magistrate's dismissal is based upon a factual determination disclosing that the charges against defendant are wholly groundless, the traditional elements of res judicata and collateral estoppel are satisfied. The dismissal order would appear, under these circumstances, to possess the requisite *finality,* since no further judicial act remains to terminate the proceedings [citations omitted], and in the absence of the timely appeal by the People, the order is free from direct attack. [Citation omitted] Moreover, unlike the determination that no probable cause exists to hold defendant, a dismissal order based upon the magistrate's finding of defendant's innocence constitutes a decision *on the merits* of the case, as required by the authorities. [Citations omitted]" 105 Cal.Rptr. at 25, 503 P.2d at 281. (Emphasis in original.)

The court carefully pointed out that its ruling was restricted to those predictably infrequent cases in which the magistrate had found facts establishing to his satisfaction the innocence of the accused or an absolute defense to the offense charged. (105 Cal.Rptr. 21, 503 P.2d at 283.) The unusual circumstances presented in the *Uhlemann* case are not present here. Therefore, the magistrate's dismissal of the complaint,[1] after the preliminary hearing, does not require application of the doctrine of res judicata.

Reversed and remanded for further proceedings not inconsistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.

1.  Just as in People v. Prewitt, 52 Cal.2d 330, 341 P.2d 1 (1959), cited in *Uhlemann*, the magistrate's dismissal was based on his conclusion that the evidence was illegally obtained.