**ORGAN, Plaintiff in error, v. STATE, defendant in error.**

*No. State 89. Submitted under sec. (Rule) 251.54 September 10, 1974.—Decided October 1, 1974.*

(Also reported in 221 N. W. 2d 823.)

38

The cause was submitted for the plaintiff in error on the briefs of *Richard J. Kelly* of Eau Claire, and for the defendant in error on the brief of *Robert W. Warren,*

attorney general, and *Steven B. Wickland,* assistant attorney general.

HANLEY, J. The following issues are presented on this appeal:

1. Is the complaint jurisdictionally defective for failing to allege intent and for failing to state facts sufficient to establish probable cause to believe that the requisite intent existed?

2. Was sufficient evidence presented at the preliminary hearing to establish probable cause to bind defendant over for trial?

3. Was denial of the defendant's motion to suppress erroneous?

4. Should the certified copies of the records of the department of public safety of the state of Minnesota have been excluded?

5. Was there sufficient evidence to support a finding of guilty?

6. Was the sentence imposed on defendant based upon improper considerations?

7. Should this court grant a new trial in the interest of justice?

*Sufficiency of the complaint.*

The defendant's first contention is that the complaint fails to allege an essential element of the crime charged. The complaint charges that the defendant "did feloniously receive" stolen property having a value in excess of $2,500, contrary to sec. 943.34 (3), Stats. The essential element supposedly lacking is "intent."

The defendant contends that the factual statement in the complaint is completely devoid of any allegation of fact which would support any sort of inference that the defendant had intentionally received stolen property. We do not agree.

The question to ask in evaluating a complaint is:

"Does it . . . meet the test of minimal adequacy, not in a hyper-technical but in a common sense evaluation, in setting forth the essential facts establishing probable cause?" *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 226, 161 N. W. 2d 369.

The question is could a fair-minded magistrate conclude, in a common sense evaluation, with consideration given to all the facts and circumstances, that the defendant probably knew the vehicle in his possession was stolen?

The complaint reflects that Kuhnert visually identified the vehicle as the one stolen from him on May 18, 1971. The complaint also states that the I. D. No. F25YCC93895 was found on the vehicle in defendant's possession, which number corresponded to the vehicle Kuhnert said was stolen from him. From this it can be inferred that the vehicle driven by the defendant on August 14, 1972, was the vehicle which Kuhnert said was stolen from him.

From the fact that the complaint described the I. D. No. F25YCC93895 as "hidden" it can be inferred that the other "nonhidden" number that typically identifies a vehicle did not match up with the "hidden" number that identified the vehicle as the one Kuhnert said was stolen from him. If the other identification number did not match the "hidden" number a reasonable inference is that tampering produced the disparity.

The defendant contends that no crime is alleged in the complaint and, therefore, subject matter jurisdiction never existed and the judgment is void.

In the case of *Waite v. State* (1973), 57 Wis. 2d 218, 226, 203 N. W. 2d 719, this court stated:

"Defects in the complaint, arrest or search would not go to subject matter jurisdiction." (Citing *Galloway v. State* (1966), 32 Wis. 2d 414, 418, 419, 145 N. W. 2d 761, 147 N. W. 2d 542.)

Also in *Waite v. State, supra,* page 226, the court explained that:

"Subject matter jurisdiction is the *power* of the court to determine the facts, apply the law and set the penalty."

In *Pillsbury v. State* (1966), 31 Wis. 2d 87, 94, 142 N. W. 2d 187, it was explained as follows:

"Criminal jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law."

Here the defendant knew precisely what offense he was charged with having committed. No claim is asserted that he did not know the nature and cause of the charges made against him, or that he was in any way prejudiced by the failure of the state to use the exact language of the statute in the complaint.

This court held in the recent case of *State v. Schneider* (1973), 60 Wis. 2d 563, 211 N. W. 2d 630, that the term "feloniously" appearing in a pleading purportedly charging a crime does not mean "intentionally." In the case at bar the information initially lacked an allegation of intent but was amended to include it. As this court noted in *State v. Neukom* (1944), 245 Wis. 372, 14 N. W. 2d 30, while a complaint may fail to set forth the particular accusation correctly, a sufficient information can cure such defect.

Sec. 971.31 (8), Stats., provides:

"No complaint, indictment, information, process, return or other proceeding shall be dismissed or reversed for any error or mistake where the case and the identity of the defendant may be readily understood by the court; and the court may order an amendment curing such defects."

The complaint in this case, as far as the charging portion goes, is adequate. The defendant knew the crime

he was charged with and could prepare a defense to it. He was not prejudiced by it. The case and the identity of the defendant were obvious to the court. The amendment of the information was proper pursuant to sec. 971.31 (8), Stats.

Defendant relies heavily on the *Schneider Case* to emphasize the issue of subject matter jurisdiction. However, in the more recent case of *Clark v. State* (1974), 62 Wis. 2d 194, 214 N. W. 2d 450, it was held that the *Schneider Case* went directly and only to the question of whether scienter is a constitutionally required element in a criminal obscenity statute because it is intimately related to the constitutional scope (first amendment) of the power to bar material as obscene.

We conclude that the trial court had jurisdiction, both as to the subject matter and the person of the defendant.

*Sufficiency of evidence at the preliminary examination.*

The second contention made by the defendant is that the evidence presented at the preliminary examination was not sufficient to bind the defendant over for trial.

The purpose of a preliminary hearing is to determine if there is probable cause to believe that a felony has been committed. *Gaddis v. State* (1974), 63 Wis. 2d 120, 122, 216 N. W. 2d 527.

"A preliminary hearing is a determination by a magistrate that further criminal proceedings are justified; it is not an evidentiary trial. Before a defendant may be bound over for trial, it must appear, to a reasonable probability, that a crime has been committed and that the defendant has probably committed it. *Court v. State* (1971), 51 Wis. 2d 683, 188 N. W. 2d 475; sec. 970.03, Stats. It is not necessary to establish guilt beyond a reasonable doubt." *Taylor v. State* (1972), 55 Wis. 2d 168, 172, 197 N. W. 2d 805.

The defendant argues that no "guilty knowledge" was proven and also, that the value of the truck and camper

was not established. As to the question of guilty knowledge, the state did show that the defendant was driving the vehicle and that he produced Minnesota cab cards for 1971 and 1972 showing that he was the owner of a vehicle with identification number F25YPC70173 which number matched that on the metal tag on the door frame. Evidence was also introduced to show that Charles Kuhnert reported a truck stolen with identification number F25YCC93895 in May, 1971. This number matched the number found on the frame of the vehicle the defendant was driving. Kuhnert testified as to certain features of the truck driven by the defendant.

At the preliminary hearing, the state, without objection, introduced into evidence certified copies of documents from the department of public safety for the state of Minnesota. These documents showed that defendant had first purchased a 1968 Ford pickup in September, 1970, and the identification number of the truck then purchased matched the identification number on the tag on the door of the truck in question. This shows that the defendant did have "guilty knowledge" because Kuhnert's truck was not stolen until May, 1971. The only reasonable inference that can be drawn is that the defendant knew that the truck he was driving was stolen and that the identification number tags were switched to make it look as though this were his original truck. As to the value of the truck, there was evidence that as of May and June, 1971, the truck and camper were worth $3,700. At that time, the truck had 6,000 miles on it. The defendant was charged under sec. 943.34 (3), Stats., which deals with possession of stolen property with a value in excess of $2,500. This was sufficient evidence as to value to bind the defendant over on this charge.

There is also a question raised as to who owned the vehicle at the time the defendant was stopped with it. While there was proof that Kuhnert owned it in May,

1971, he testified he subsequently transferred title to the Sentry Insurance Company. What Sentry did with the title is not shown. However, the vehicle was identified and two identification numbers were on it. One corresponded to a truck previously registered in the defendant's name. The other corresponded to the stolen truck. This evidence allows for a reasonable inference that the identity of the vehicle was being concealed and that the defendant had neither title in nor permission to use the vehicle.

The evidence presented at the preliminary hearing was sufficient to establish the probability that a crime had been committed and that the defendant probably committed it.

*Suppression of evidence.*

On appeal, the defendant raises the issue of whether the motion to suppress was properly denied as to the searches of the vehicle by Kuhnert. Even assuming, but in no way inferring, that this motion should have been granted, the error would be harmless. The only evidence which came from Kuhnert's inspections of the inside of the vehicle went to his identification of it as being the one he formerly owned. There is ample evidence that he positively identified it prior to any search of the vehicle. He recognized the two trailer hitches, one of which he made himself, the rear step bumper, the oversized tires and certain features in the interior of the truck which he pointed out prior to his entering the vehicle. Also the identification number on the frame of the vehicle matched the one given the Eau Claire police department when the vehicle was first reported stolen.

Under the test for harmless error most recently reaffirmed in *Scales v. State* (1974), 64 Wis. 2d 485, 219 N. W. 2d 286, there was sufficient evidence, other than and uninfluenced by the inadmissible evidence, which

shows Kuhnert could identify the vehicle. We think the motion to suppress was properly denied.

*Admission of certified copies of records from Minnesota.*

During the trial, the state offered to introduce a certified "chain of title" from the Minnesota motor vehicle department. The certified copies were admitted without objection at the preliminary hearing. The defendant did object to their introduction into evidence at the trial. The trial court initially sustained the objection, but later overruled it and admitted the documents.

While sec. 889.18 (2), Stats., does not refer to admission into evidence of copies of the official records from other states, other authority admits these documents.

Art. IV, sec. 1 of the United States Constitution provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

The fact that the records are kept by a department of another state would not make any difference in the authenticity or correctness of the record.

The certificate annexed various documents. It showed an application for transfer of title of a 1968 Ford pickup from Westside Auto Parts, Inc., to James Organ on September 11, 1970. It also shows applications for registration in the name of James Organ of the vehicle for the years 1971 and 1972.

The defendant's rights were protected in regard to the admission of the certified copies since the trial court gave him the chance to cross-examine the custodian of the records, an opportunity he failed to take.

We see no compelling reason not to admit certified copies of the official records of a sister state. They are the same as the certified copies of the official records of

this state for all practical purposes. The trial court properly admitted Exhibit 5 into evidence.

*Sufficiency of evidence at trial.*

The record shows that following his trial, defendant made no motion in the trial court either to set aside the finding because of the insufficiency of the evidence or to have a new trial. In *Davis v. State* (1970), 49 Wis. 2d 180, 184, 181 N. W. 2d 346, this court held that if a defendant fails to make a motion in the trial court either to set aside the verdict for insufficiency of the evidence or to have a new trial, this court will not consider the issue of the sufficiency of the evidence absent compelling circumstances.

The defendant urges this court to consider the issue because appellate counsel, who did not represent the defendant at the trial, did not receive a transcript of the testimony until March, 1973. This may or may not have been ninety days after the judgment was entered on December 8, 1972.

On review we are satisfied there is sufficient evidence to support the finding of guilty knowledge. It is a very reasonable inference from the evidence that the defendant purchased a truck in 1970 which had the same identification number as that found on the tag on the door post of the truck identified as once being Kuhnert's that the defendant knew the truck he was driving was stolen property. There was testimony that the tags were tampered with and if the truck now had the same number as another truck owned by the defendant, defendant must have known of the switch.

As to the value of the truck, Kuhnert testified that in June of 1971, he received $3,000 for it. Between the time the vehicle was stolen and the time of the defendant's arrest, 36,000 miles had been put on the vehicle. The trial court found that there was sufficient evidence to estab-

lish the value to be between $100 and $2,500. While there was no testimony as to the value of the truck at the time of the defendant's arrest or at the time of trial, there were pictures of the truck introduced into evidence. The truck was being operated by defendant at the time of arrest. The value a little over a year earlier was established at $3,000. From the above evidence the trier of fact could conclude that the truck had a value in excess of $100.

*Sentence imposed.*

The sentence is within the limits of the maximum sentence allowed. The defendant was sentenced to a term of one year, six months and the maximum allowable is five years.

The defendant contends that the sentence imposed constituted an abuse of discretion because it was based upon improper considerations. Primarily, the defendant maintains that the recommendation of the presentence report and the sentencing by the trial judge are violative of his fifth amendment right to remain silent and not incriminate himself. The defendant exercised this right, upon the advice of counsel, while the probation officer was investigating the case.

The court will not review a sentence, absent compelling circumstances, unless a motion for review of sentence is made at the trial court level. *Korpela v. State* (1974), 63 Wis. 2d 697, 218 N. W. 2d 368. The record does not disclose that such a motion was made.

The sentencing by the trial court was not violative of defendant's fifth amendment right to remain silent and not incriminate himself. On the contrary, the trial court recognized that the defendant did have the constitutional right to remain silent and pointed out there were a number of factors "very much in defendant's favor." The court went on to discuss the nature of the crime, the fact

that the defendant had been in the automobile business and that the defendant was familiar with registration and identification of vehicles. In light of these facts the court found that the defendant was not a suitable candidate for probation.

In sentencing it is essential that a court consider the nature of the particular crime and the defendant's degree of culpability and personality. *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. Here the culpability and sophistication of the crime are such that a sentence of not more than one year, six months is not an abuse of discretion.

*New trial in the interest of justice.*

The defendant urges that a new trial should be granted in the interest of justice. This court has held that a new trial in the interest of justice will result only if it appears that justice has miscarried and that a retrial under optimum circumstances will produce a different result. *Okrasinski v. State* (1971), 51 Wis. 2d 210, 219, 186 N. W. 2d 314. We conclude the defendant received a fair trial and that a new trial would not result in his acquittal.

After reviewing the record we are convinced the defendant was fairly convicted by the court on the basis of sufficient credible evidence. We are also satisfied the rights of the defendant were not prejudiced in any manner.

*By the Court.*—Judgment affirmed.