**GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Jose Alfonso GREEN C., Defendant-Appellant.**

**No. 75–2301**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1975.

Nathan Greenberg, Gretna, La. (Court-appointed), for defendant-appellant.

Lester Engler, Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

A bill of information filed by the United States Attorney for the Canal Zone charged appellant Jose Green with

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

the daytime entry of a specified building on Howard Air Force Base, Canal Zone, with the intent to commit the crime of larceny, all in violation of 6 C.Z.C. §§ 502 and 504. Green was convicted on that charge in a trial in the United States District Court for the District of the Canal Zone. This appeal from the conviction is based mainly on the contention that, before trial, a photograph of Green was made available to an eyewitness in circumstances so suggestive as to lead to a strong probability of misidentification, and thus to a denial of due process. The trial judge, sitting without jury, considered this defense but concluded that the possibility of misidentification was small and that other factors supported the finding of guilt beyond a reasonable doubt. We affirm.

On December 7, 1974, Sgt. Carol Cesar entered her room in the barracks of Howard Air Force base and encountered an unknown male. The intruder struggled with her, then fled. Over twenty dollars had been stolen from the room. Seven weeks later, Sgt. Cesar was invited to the police station. While waiting for the interviewing detective, she noticed a clear plastic bag on his desk which contained, among several other visible items, a photograph of the defendant. She spontaneously identified the photograph as that of the man with whom she had struggled. Sgt. Cesar then identified Green from a lineup, and later identified him at trial.

In *Simmons v. United States,* 1968, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253, the Supreme Court held

that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

See *Kelley v. Estelle,* 5 Cir. 1975, 521 F.2d 238; *United States v. Cooper,* 5 Cir. 1973, 472 F.2d 64, *cert. denied,* 1973, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77; *Powell v. Wainwright,* 5 Cir. 1972, 460 F.2d 1056.

As the trial court noted, "[E]very step on the part of the police should be taken to prevent" situations in which eyewitness access to photographs of a suspect might taint later identification. This admonition is particularly appropriate in this case—a lineup including the suspect was available for immediate viewing by the eyewitness, and the witness saw photographs of none of the other individuals who were to be in the lineup. Despite the gratuitous risk of taint which the police thus allowed, however, the trial court found that several other factors indicated that this photographic identification did not deny the defendant a fair trial. Most importantly, another witness, Sgt. Martin, identified the defendant from a lineup and at trial, without any prior photographic identification, as a man who was in the women's barracks at the time of the incident. Also, Sgt. Cesar had a good opportunity to view the intruder in her well-lighted room, and was quite positive in both her unsolicited identification from the photograph and her later identifications of the defendant in the lineup and at trial. We cannot find that the trial court's conclusions, drawn from all the facts, were in error. Green's conviction was based only in part on Cesar's identification of him at trial, and we cannot say that the circumstances of Cesar's pretrial photographic identification of Green were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Appellant also challenges his conviction on the ground that the information charging him with larceny cited the date of the incident as December 7, 1975, when in fact it occurred on December 7, 1974. The correct date, however, was specified in the arraignment, at the preliminary hearing, and in the testimony given at trial, including that of the defendant and his two alibi witnesses. We find no prejudice to the defendant in

this typographical error in the informa-
tion. *See Russell v. United States*, 5 Cir.
1970, 429 F.2d 237, 238.

Affirmed.