The STATE of Wyoming, Plaintiff,

v.

Dale Lee **HEBERLING**, Defendant.

No. 4636.

Supreme Court of Wyoming.

Sept. 3, 1976.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Frank R. Chapman, Legal Intern, Cheyenne, signed the brief on behalf of the plaintiff. Submitted on brief.

Richard S. Dumbrill, Jones & Dumbrill, Newcastle, signed the brief on behalf of the defendant. Submitted on brief.

Before McCLINTOCK, RAPER, THOMAS and ROSE, JJ., and ARM-STRONG, District Judge, Retired, assigned.

RAPER, Justice.

 Upon application of the county and prosecuting attorney of Weston County, this court allowed the filing of a bill of exceptions [1] to an order of the district court in an appeal setting aside a judgment and sentence of a justice of the peace on a conviction for driving a motor vehicle while under the influence of intoxicating liquor in violation of § 31–129, W.S.1957, C.1967. Sitting in an appellate role, the district court found:

"* * * that the only action of [sic] the Court can take under the Wyoming Rules of Criminal Procedure for the Justice of the Peace Courts is to set aside and void the conviction and to dismiss the charge placed against the defendant, and that under said rules the Court has no authority to take any other action in a case on appeal from the Justice of the Peace Court in which this Court finds an error of law."

 The bill challenges the right of a district court to only set aside and void a

[1] A bill of exceptions is the only way by which the State may challenge and have reviewed any adverse ruling of the district court in criminal prosecutions. *State v. Benales*, Wyo.1961, 365 P.2d 811; *State v. Ginther*, 1938, 53 Wyo. 17, 77 P.2d 803. Even then, as provided in § 7–291, W.S.1957:

"The judgment of the court in the case in which the bill was taken shall not be reversed nor in any manner affected, but the decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state."

conviction and dismiss the charge against a defendant on appeal to a district court from a justice of the peace court and asserts that in such appeals, the district court may reverse, remand, modify or vacate, as well, when there is an error of law.[2] We are going to sustain the exception.

In Wyoming, for many years, appeals from justice of the peace courts to district courts were tried de novo, pursuant to § 7–448, W.S.1957, which provided:

"The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact upon an indictment, without regard to technical errors or defects, which have not prejudiced the substantial rights of either party, and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly."

In 1971, the justice of the peace court system was legislatively revised, effective January 1, 1975.[3] Section 7 of that act, now § 5–99.7, W.S.1957, 1975 Cum.Supp., announces that:

"The supreme court of Wyoming is hereby vested with supervisory powers over the justice courts of the State of Wyoming, and shall, by rule of the supreme court, establish procedures and regulations for the effective and expeditious administration of the business of the justice court system of the state and shall establish fees and costs for said courts."

Acting upon the basis of such authority, the supreme court adopted a comprehensive set of Minor Court Rules, including what are known as the Wyoming Rules of Criminal Procedure for Justice Courts (W.R. Cr.P.J.C.). Included is Rule 1(a)(5), W. R.Cr.P.J.C., providing that, "Appeals from conviction in justice court or municipal court shall be governed by these rules." Rule 23(a), W.R.Cr.P.J.C., stipulates that, "* * * No trial anew in the district court is provided, and all appeals shall be tried on questions of law." There is then supplied a means for the use of tape recording as the vehicle for placing the transcript of evidence before the district court.

With some few exceptions, all statutory sections prescribing a procedure for appeals from a justice of the peace court to the district court were superseded.[4] Within the structure of Rule 23, W.R.Cr.P.C.J., is no provision prescribing what disposition the district court may make after hearing on the record below all matters of fact and law pertaining to the case on appeal. That is not necessary because appropriate provision has been specified in other procedural rules of this court.

By an enabling act passed by the Wyoming State Legislature in 1947,[5] this court was given authority to do the following:

Section 5–18, W.S.1957:

"The supreme court of Wyoming may from time to time adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in all courts of this state, for the purpose of promoting the speedy and efficient determination of litigation upon its merits."

---

2. In this case, the district judge found the following errors:
 "1. The Justice of the Peace failed to make a record of the trial in the Justice Court;
 "2. The Justice of the Peace failed to swear any of the witnesses at the trial;
 "3. The Justice of the Peace admitted hearsay evidence at the trial that was prejudicial to the Defendant-Appellant."

3. Chapter 214, Session Laws of Wyoming, 1971.

4. Rule 29, W.R.Cr.P.J.C., declared §§ 7–442 through 7–443 and §§ 7–447 through 7–449, W.S.1957, superseded. Only §§ 7–444 through 7–446, pertaining to bail on appeal, and §§ 7–450 through 7–452, pertaining to an appeal from the district court to the supreme court, were retained.

5. Chapter 53, Session Laws of Wyoming, 1947.

Section 5–19, W.S.1957:

"Such rules may govern:

"(a) the forms of process, writs, pleadings and motions and the subjects of parties, depositions, discovery, trials, evidence, judgments, new trials, provisional and final remedies and all other matters of pleading, practice and procedure; and

"(b) any review of or other supervisory proceedings from the judgment or decision of any court, board, officer, or commission when such review is authorized by law.

"Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations."

As a result of that authority, the Wyoming Rules of Civil Procedure (W.R.C.P.) were finally adopted on the 2nd day of July, 1957.[6] Rule 1, W.R.C.P., sets out their scope:

"These rules govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature, in all special statutory proceedings except as provided in Rule 81, *and in all appeals in criminal cases.* * * *" (Emphasis supplied.)

In contemplation of an appeal in a criminal case from a justice of the peace to the district court, Rule 72(b), W.R.C.P., is as follows:

"A judgment rendered or final order made by any court inferior in jurisdiction to the district court may be reversed, vacated or modified upon an appeal taken to the district court."

Rule 72(i), W.R.C.P., then furnishes advice for the district judge, in case of reversal, as here:

"When a judgment or final order is reversed, either in whole or in part, in the district court, or the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment or such proceedings as the appellate court may direct. The district court so reversing a judgment shall, upon the request of either party, specify in writing the ground or grounds of such reversal, which shall be filed and kept with the papers in the case. The court reversing or affirming such judgment or final order shall not issue execution in causes that are so brought before it, on which it pronounces judgment as aforesaid, except on judgments or orders entered on trial de novo or on appeal from justice court, but shall send a special mandate to the court below, as the case may require, for execution thereon, and the court to which such special mandate is sent, shall proceed in the same manner as if such judgment or final order had been rendered therein."

We thus find a complete procedure for handling appeals from a justice of the peace court, including their disposition.

The position of the State and the exception are sustained.

6. See copy of Order appearing in 2A, W.S.1957, Rules, p. 40.