**The STATE of Wyoming, Plaintiff, (Appellant),**

v.

**Kathy Ann FALTYNOWICZ, Defendant, (Appellee).**

**No. 5763.**

Supreme Court of Wyoming.

March 18, 1983.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., Cheyenne, for appellant.

Dallas J. Laird, Casper, for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

BROWN, Justice.

This case is before us on a bill of exceptions. A complaint charging appellee with committing a misdemeanor was filed in county court on August 30, 1982. The arraignment was held on the same date, and appellee entered a plea of guilty. The court, to establish a factual basis for the plea, asked appellee to describe what had happened on August 29, the date of the incident which led to her arrest. As appellee was describing the events which led to her arrest, the court interrupted her and said that there was a defect in the complaint because it did not state the year of the alleged crime. The court also said that since appellee had attempted to enter a plea, it would dismiss the complaint with prejudice.

We sustain the bill of exceptions taken by the State.

Section 5–5–108, W.S.1977, Cum.Supp. 1982, provides:

"The Wyoming supreme court shall adopt rules governing the procedures and practices of the county courts. The Wyoming Rules of Civil Procedure and the Wyoming Rules of Criminal Procedure, as amended or supplemented from time to time, shall govern county courts unless such rules or any parts thereof are declared inapplicable by the supreme court. Commissioners, as used in the Wyoming Rules of Criminal Procedure, shall include county court judges and county court commissioners."

This court has adopted rules for county courts, effective January 1, 1983. Since the rules were not in effect when the complaint against appellee was dismissed, we will consider only the Wyoming Rules of Criminal Procedure in this appeal. Rule 3, W.R. Cr.P., says, "The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner." The complaint here had blanks for the day, month, and year of an alleged offense. The day and month were filled in, but the year was not typed in.

At the time this complaint was issued, a complaint in county court could serve two purposes. The first was to allow the court to make an independent probable cause determination that an offense had been committed and that the appellee had committed it. The second purpose was that the complaint functioned as an indictment or information.

■ Concerning the probable cause determination, a complaint provides a foundation for a neutral judgment by a judicial officer that resort to further criminal process is justified.

" * * * It must provide the affiant's answer to the magistrate's hypothetical question, 'What makes you think that the defendant committed the offense charged?' * * *" *Jaben v. United States,* 381 U.S. 214, 224, 85 S.Ct. 1365, 1371, 14 L.Ed.2d 345, 353 (1965).

■ The question to ask in evaluating the complaint for probable cause sufficiency is whether it meets the test of minimal adequacy in setting forth the essential facts establishing probable cause, using a commonsense approach. *Organ v. State,* 65 Wis.2d 36, 221 N.W.2d 823 (1974). It does not make sense to dismiss a complaint as being insufficient because it has an obvious typographical error. In *United States v. Markis,* 352 F.2d 860 (2nd Cir.1965), an agent swore to a complaint before a commissioner on October 5, 1964. The com-

plaint alleged that John Doe had been engaged in criminal activity on or about October 8, 1964. John Doe had later been identified as Joseph Markis. The commissioner then issued a warrant of arrest. Concerning the attack on the warrant based on the discrepancy in the date, the court ruled:

> "The attack on the arrest warrant based on the point that, in obvious error, the complaint alleged Markis had committed the offense three days in the future requires no discussion. * * * A complaint, like affidavits supporting a search warrant, must be read 'in a commonsense and realistic fashion.' * * * " *United States v. Markis,* supra, at 864.

This court has taken the same commonsense approach to evaluate the adequacy of a complaint. In *Martinez v. State,* Wyo., 511 P.2d 105 (1973), appellant contended that there was a lack of reasonable cause for the issuance of a warrant for his arrest, because the complaint recited that it was based on attached affidavits, when no affidavits were attached. This court said that where a justice of the peace had access to sworn statements and knew their contents at the time he issued the arrest warrant, it was immaterial whether the statements were attached.

As we have noted, the second purpose of the complaint in county court was that it functioned as does an indictment or information in district court.[1] Rule 9, W.R. Cr.P., speaks to indictments and informations; at the time the complaint was filed the rule also applied to complaints in county court when the complaints had the same function as an indictment or information.

Rule 9(c), W.R.Cr.P., provides:

"(c) Amendment of information.—An information may be amended in matter of form or substance at any time before the defendant pleads without leave of court. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."[2]

The rule makes the granting of an amendment to an information mandatory if it is requested before the defendant pleads. It allows more discretion to the trial court after a defendant pleads. However, this discretion is limited by Rule 9(a), W.R.Cr.P., which says:

" * * * Error in the citation or its omission or any other defect or imperfection which does not tend to prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for the dismissal of the indictment or information or for reversal of a conviction. * * * "

This rule is similar to statutes which were in effect before they were superseded by the Rules of Criminal Procedure. Because of the similarity in our present rules and previous statutes, the rationale of cases interpreting the previous statutes is still pertinent. According to *State v. Hickenbottom,* 63 Wyo. 41, 178 P.2d 119 (1947), § 33–415, W.R.S.1931, used to provide that no indictment should be deemed invalid, nor should a trial, judgment or other proceeding be affected for " ' * * * any defect or imperfection which does not tend to prejudice the substantial rights of the defendant upon the merits.' " We said in *State v. Hickenbottom,* supra, that under statutory

---

1. Rule 3, Wyoming Rules of Criminal Procedure, County Courts, provides that all prosecutions or offenses triable in the county courts shall be by information supported by affidavit. Rule 4, W.R.Cr.P.C.C., provides that if it appears from the information or affidavits that there is probable cause to believe an offense has been committed and that the defendant committed it, a summons upon the defendant shall issue. The new rules, then, contemplate that the information can be both the document supporting probable cause to arrest and the charging document informing defendant of the offense with which he is charged.

2. Appellee here had entered her plea, although the court had not yet accepted it. The State did not ask to amend the complaint, probably because the court had summarily said, in the middle of appellee's description of the incident, that it was dismissing the complaint. The State did argue that since appellee had entered her plea, she had waived any defects in the complaint.

provisions of this type, slight verbal inaccuracies, or typographical or spelling errors were not to be favorably regarded, but that objections to them had to at least be raised. We then ruled that appellant's contention concerning the defect in the indictment was without merit, implying that, if the defect is merely one of form and not substance, defendant must object to the defect.

This court has not taken the same position with respect to a defect of substance. In *Town of Green River v. Martin*, Wyo., 254 P.2d 198 (1953), we noted a fatal defect in an information, and took notice of it as a fundamental reversible error, even though appellant had not objected below or raised the issue on appeal. We further said in *Gonzales v. State*, Wyo., 551 P.2d 929, 931 (1976), that we do not approve or allow haphazard and careless pleading charging a crime. " ' * * * [T]he substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules.' "

Rule 9(a), W.R.Cr.P., is also similar to Rule 7(c)(3), Federal Rules of Criminal Procedure, except that the latter rule only pertains to error in the citation or its omission, and does not have the language "or any other defect or imperfection," which arguably gives the federal courts more discretion to dismiss indictments or informations. The policy of these rules is that imperfections of form which are not prejudicial are disregarded. *United States v. Dreer*, 457 F.2d 31 (3rd Cir.1972); and *United States ex rel. Harris v. Illinois*, 457 F.2d 191 (7th Cir.1972), cert. denied 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972). " ' * * * [T]he practice of fine combing indictments for verbal and technical omissions is no longer countenanced by the courts.' " *Gonzales v. State,* supra, at 931.

■ An indictment to be legally sufficient must fairly indicate the crime charged, must state the essential elements of the alleged crime and be sufficiently definite so that the defendant can prepare his defense, and definite enough so that the indictment will grant protection from further prosecution for the same offense. *Hovee v. State,* Wyo., 596 P.2d 1127 (1979). Such an indictment will allow the accused his Sixth Amendment right under the United States Constitution "to be informed of the nature and cause of the accusation," and his right under Art. 1, § 10 of the Wyoming Constitution "to demand the nature and cause of the accusation." The same standards, of course, would apply in judging the sufficiency of an information.[3]

Other courts have given only cursory attention to arguments that a defendant was prejudiced in being able to prepare a defense because of an obvious error in the indictment. In *United States v. Reece,* 547 F.2d 432 (8th Cir.1977), one count of an indictment contained a typographical error in a date, alleging that appellant had illegally possessed a check on October 1, 1975, instead of October 1, 1974. The court said that any argument for error was frivolous, since the appellant failed to point to any prejudice to his case as a result of the error. In *United States v. Zambito,* 315 F.2d 266 (4th Cir.1963), cert. denied, 373 U.S. 924, 83 S.Ct. 1524, 10 L.Ed.2d 423 (1963), the appellant complained of a typographical error in the indictment which stated October 23, 1962, rather than 1961, as the date of an alleged false statement. The court ruled that the obvious clerical mistake was in no way prejudicial. In *Government of Canal Zone v. Green C.,* 521 F.2d 241 (5th Cir. 1975), the court held that appellant was not prejudiced by a typographical error giving the wrong date of an alleged offense. The correct date was specified at his arraignment, at the preliminary hearing, and at trial.

■ Here, it would have been impossible for appellee to be prejudiced by the omission of the year of the alleged offense. Two other defendants, a Mr. and Mrs. Hoff-

---

**3.** " * * * Generally, where an information can be filed only after a preliminary hearing, * * * the information must charge substantially the same offense alleged in the complaint under which a preliminary hearing was held. * * * " *Bartlett v. State,* Wyo., 569 P.2d 1235, 1243 (1977).

land, were charged with the same offense arising from the same incident. They were arraigned at the same time as appellee. Appellee was present when the trial court read the complaint against Mr. Hoffland; that complaint included the year. Furthermore, when the trial court began to ask her questions to establish a basis for the guilty plea, appellee began describing the events of August 29, 1982. She obviously knew the offense with which she was being charged.

■ When a defendant cannot possibly be prejudiced, the trial court does not, under Rule 9(a), W.R.Cr.P., have the discretion to dismiss a complaint, information, or indictment. For that reason, the State's bill of exceptions to the trial court's dismissal of the complaint with prejudice is sustained.

RAPER, Justice, specially concurring, in which ROONEY, Chief Justice, joins.

I concur that error took place and completely agree with the court's opinion authored by Justice Brown, but I see this case as one to be the catalyst to point up some misleading and poor Wyoming jurisprudence.

It is my concern that in this case an appeal through the district court, rather than through the bill of exceptions procedure, by the State of Wyoming would have been the proper means of bringing the issue to the supreme court. I doubt the case would have gotten beyond the district court, the error is so blatant. The opinion of the court is extremely kind and patient in its disposition based upon elementary law. It may have been partly through past decisions of this court that there has developed a belief—even a rule—that the State may never appeal in a criminal case, regardless of the point in the proceedings at which the alleged error against the State occurs. For example, it was loosely and unnecessarily said in *State v. Heberling,*

Wyo., 553 P.2d 1043 (1976)—which I authored—at fn. 1:

"A bill of exceptions is the only way by which the State may challenge and have reviewed any adverse ruling of the district court in criminal prosecutions. * * *"

In that case, the defendant was in jeopardy, having been tried and found guilty.

In *State ex rel. Gibson v. Cornwell,* 14 Wyo. 526, 85 P. 977 (1906), which is the sire of the rule with more progeny than a rabbit, this court also unnecessarily set out the rule repeated in *Heberling.* In *State ex rel. Gibson* the proceeding was dismissed because the bill of exceptions was not sealed! Even though the dismissal was for a technical reason, the court volunteered the rule that "[n]o provision is made by this or any other statute for an appeal by the state, or any other proceeding on behalf of the state, to vacate, or modify the judgment rendered in a criminal case." It was dicta, pure and simple and has been blindly followed ever since and demonstrates how dicta can become settled law, though erroneous.

This court adopted the rule of *State ex rel. Gibson* in *State v. Ginther,* 53 Wyo. 17, 77 P.2d 803 (1938) in an appeal by the State in a case dismissed by the district court because it thought the information inadequate, but added what it considered to be the prevailing rule that

"[i]t seems generally held under the common law as administered in this country that the State may not bring a writ of error or take an appeal or have exceptions in a criminal case, unless the right thereto has been expressly granted by statute, though there are some decisions which appear to hold that without statutory authority the prosecution may obtain a review of judgments favorable to the defendant upon questions of law when no verdict of acquittal has been had. * * *"[1] 77 P.2d at 803.

1. See Annot., 92 A.L.R. 1137 "Right of prosecution to review of decision quashing or dismissing indictment or information, or sustaining demurrer thereto." My examination of the cases in this annotation and in the Later Case Service leads me to believe that practically every state has a specific statute authorizing the State to appeal from an order or judgment dismissing an information or indictment. That would seem to be the only reason for the expression that there must be a statute—a most

The bill of exceptions provisions pertaining to proceedings initiated by the State has its roots in and implements § 11, Art. 1, Wyoming Constitution:

"No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If a jury disagree, or if the judgment be arrested after a verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy."

As I see it, the intent of the constitution is that a person is not entitled to avoid prosecution unless that person has been placed in jeopardy. The statutory bill of exceptions proceedings authorized to be taken by the State is one designed for use when the defendant has been placed in jeopardy, a serious error of law against the State has taken place, and the defendant is acquitted. In order to prevent that same error of law to crop up again and become a practice in other cases, a means is provided to prevent it in the future. A good example of this real purpose and legislative intent is found in *State v. Selig,* Wyo., 635 P.2d 786 (1981), where it appeared that an improper practice had grown up of not giving lesser-included-offenses instructions in first degree homicide cases. The defendant had been tried and, in a new trial, acquitted; in the first case there was a hung jury. The court had refused to instruct on the lesser-included offenses. The bill of exceptions served the valuable purpose of preventing such error against the State in future instances.

Section 7–12–105, W.S.1977, provides:

"The judgment of the court in the case in which the bill was taken shall not be reversed nor in any manner affected, but the decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state."

A careful examination of that language indicates that the particular proceeding in which the bill of exceptions was taken cannot be disturbed. However, if the defendant was not in jeopardy at the time and an erroneous decision at law was made in his favor, that does not mean that new proceedings may not be initiated and pursued. An analogous situation exists when, as a result of a preliminary hearing, a complaint is dismissed. As was said in *Richmond v. State,* Wyo., 554 P.2d 1217, 1221–1222 (1976):

"The rule has long been that one preliminary hearing, unproductive for the State, does not prohibit another. As set out in *United States ex rel. Rutz v. Levy,* 1925, 268 U.S. 390, 393, 45 S.Ct. 516, 517, 69 L.Ed. 1010, 1011:

" 'Under state law it has uniformly been held that the discharge of an accused

frail rationale. The United States has had such a statute ever since 1907, 18 U.S.C. § 3731:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

"An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

"The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be released in accordance with chapter 207 of this title.

"The provisions of this section shall be liberally construed to effectuate its purposes."

What the presence of such statutes says to me is that the nationwide policy is that the State should be permitted to appeal in the absence of double jeopardy. I am not convinced there must be a statute. The real fact is that there are such statutes, so there is a misconception that there is such a requirement. My view is that the constitution of this state gives this court authority to entertain an appeal by the State, as I shall later develop.

person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy. * * *'

"Since that 1925 decision, there has been no change in the law.[3] "

Footnote 3 to the foregoing enlarges upon the text:

"[3] A proceeding before an examining magistrate is not a judicial trial but merely a judicial inquiry and dismissal of a complaint is not an absolute bar to further prosecutions. *State v. Elling,* 1973, 19 Ariz.App. 317, 506 P.2d 1102; *Skinner v. Superior Court, In and for Pima County,* 1970, 106 Ariz. 287, 475 P.2d 271. Following are more of some of the recent cases holding that dismissal does not bar refiling before another magistrate: *Commonwealth v. Smith,* 1975, 232 Pa.Super. 546, 334 A.2d 741; *Perkins v. State,* 1975, 26 Md.App. 526, 339 A.2d 360; *State v. Thomas,* Mo.1975, 529 S.W.2d 379; *People v. Uhlemann,* 1973, 9 Cal.3d 662, 108 Cal.Rptr. 657, 511 P.2d 609; *State v. Fish,* 1963, 20 Wis.2d 431, 122 N.W.2d 381."

Since Richmond, this rule has been incorporated into Rule 7(c), W.R.Cr.P. where it is provided that if the commissioner dismisses the complaint and discharges the defendant at a preliminary hearing, "[t]he discharge of the defendant shall not preclude the state from instituting a subsequent prosecution for the same offense."

While not all complaints dismissed at a preliminary hearing are the result of arbitrary action by the commissioner, the State does need protection from not only arbitrary and capricious action by a tribunal but also errors of law and must not be forever foreclosed from proceeding upon what may be a meritorious complaint when the defendant has not been placed in jeopardy. The proper administration of justice in criminal matters requires a balancing of the defendant's constitutional rights with the interests of society in being protected from those who violate our criminal laws.

It was well put in a musty old volume with a fresh view, *State v. Buchanan,* 5

Harris and Johnson (Md.) 317, 329–330 (1821):

"* * * Hence it is manifest that, in the opinion of Lord Hale, the King might have a writ of error in a criminal case; since it would be absurd to say that a man who had obtained a judgment of acquittal for a defect in the indictment, or on a special verdict, could never again be indicted for the same offence, until that judgment was reversed by writ of error, if a writ of error would not lie. * * But instances are not wanting of writs of error being prosecuted by this state, in criminal cases, [citations]. In each of those cases there was a demurrer to the indictment, and judgment on the demurrer for the defendant, in the court below. * * * "

In *Commonwealth v. Wallace,* 114 Pa. 405, 6 A. 685 (1886), the court noted that several different statutes of Pennsylvania mentioned the rights of criminal defendants to writs of error to the supreme court, but none mentioned any such right in the state. It stated in that regard that "[a] view of the statutes reveals the purpose to secure to defendants or accused persons the right of removal and review,—not to take away any right from the commonwealth." The court went on to hold that for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the commonwealth may have a writ of error.

The appellate jurisdiction of this court is derived from § 2, Art. 5, Wyoming Constitution:

"The supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes * * * ";

and § 3, Art. 5, Wyoming Constitution:

"* * * The supreme court shall also have power to issue writs of mandamus, review,[2] prohibition, habeas corpus, certiorari, and other writs necessary and proper to the *complete exercise of its appellate and revisory jurisdiction.* * * * "

**2.** A writ of review is any form of process issuing from an appellate court and intended to bring up for review the record or decision of

the court below. Black's Law Dictionary (5th ed. 1979).

Section 1, Art. 2, Wyoming Constitution provides:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

I seriously question that the legislature has the authority to restrict our "complete" appellate jurisdiction to hear appeals taken by the State in proper cases if in fact the bill of exceptions procedure does that. There is no constitutional prohibition against the State taking an appeal in a criminal case as long as it is to an issue which would not place the defendant in jeopardy for a second time. Section 11, Art. 1, Wyoming Constitution, supra. When a statute and the constitution collide, the constitution prevails.

We can, and should, avoid the constitutional issue of the legislature's authority to do so if we can reasonably interpret the statute in such a way that it is not viewed as unconstitutional. *Schoeller v. Board of County Commissioners of County of Park,* Wyo., 568 P.2d 869 (1977). We can do that here by holding the design of §§ 7–12–102 through 7–12–105 to be applicable only in those cases where the defendant has been placed in jeopardy, and appeals can be taken by the State in all other cases. In other cases the State may appeal within the spirit of § 11, Art. 1, Wyoming Constitution, supra.

A somewhat similar approach was made in *Prosecuting Attorney v. Judge of Recorder's Court,* 59 Mich. 529, 26 N.W. 694 (1886). The prosecuting attorney in that case applied to the Michigan Supreme Court for a writ of mandamus to compel the trial judge to proceed to trial on indictments for bribery which the judge had quashed for want of jurisdiction. The supreme court noted that under the Michigan Constitution it has "general superintending control over all inferior courts, with power to issue all the various classes of original and remedial writs, including writs of error, mandamus, procedendo, etc." The court observed that,

" * * * Under the common law and under our constitution no writ of error or other proceeding lies on behalf of the public to review a judgment of acquittal in a criminal case, as no one can be twice put in jeopardy; but there is no rule of law to prevent the review of proceedings which have not gone to a trial. It is very well settled that a decision quashing an indictment may be reviewed. * * * " 26 N.W. at 695.

The court concluded that it could have considered the case on either writ of error or mandamus but preferred mandamus because of the lesser delay in setting aside the order, thus permitting an earlier trial of the improperly quashed indictment. Michigan, some forty years later, adopted a statute specifically authorizing the State to appeal in such cases, *People v. Weiden,* 239 Mich. 169, 214 N.W. 120 (1927), but in the meantime the 1886 case was the law of the state.

The Idaho Supreme Court has been confronted with a similar problem as to appeals by the State. In *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975), an appeal was taken by the State from an order not listed in a statute "authorizing" appeals by the State. The question became whether the statute exclusively defined the authority of the Idaho Supreme Court in such cases. The court held that it did not and that its appellate jurisdiction was governed by the State constitution, providing that

" '[t]he Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts * * *.'

" * * * So long as we do not order a disposition of the case that subjects the defendant to being twice put in jeopardy for the same offense, our holding is in conformity with the Constitutions of Idaho and of the United States and we are exercising powers that have been given to this Court by the Constitution of Idaho and which cannot be withheld by the legislature. 'The legislature shall have

no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it * * *.' Idaho Constitution, Art. 5, § 13. * * * " 536 P.2d at 741–742.

The Idaho court thereupon proceeded to overrule and set aside other cases in conflict which had held the statute to be exclusive and stood on its plenary right of review.

My concern is not so much the rather minor case we have before us, but the major crimes of homicide, other crimes of violence, serious larcenies, drug-related offenses, and heavy frauds. It is shocking to me that the State should be foreclosed from appealing the dismissal of indictments or informations which may have been improvidently set aside. I am also concerned about the instances where a trial judge may have, in a pretrial proceeding, suppressed evidence necessary to the State in proceeding with the prosecution, or because of a holding that the statute under which the State was going ahead was unconstitutional, or even the post-trial situation of an illegal sentence which does not raise a jeopardy question, which rulings may also have been ill-founded.

I would have pointed out in this case that a final order of the district court based upon a motion by the defendant or upon the court's own motion dismissing an indictment or information under the provisions of Rule 16, W.R.Cr.P., for insufficiency is appealable by the State. Like motions with orders of dismissal in courts of limited jurisdictions, Rule 8, W.R.Cr.P.J.C. and Rule 11, W.R.Cr.P.C.C., should also be appealable to district courts by the State. I would set aside any decision of this court holding to the contrary.

I would also point out in this case that the State, if that is the desire of the prosecutor, may file a new complaint in the case now before us, in that the defendant has never been in jeopardy.

THOMAS, Justice, specially concurring, with whom RAPER and ROSE, Justices, join.

I agree with everything that is encompassed in the opinion of the majority in this case. In my view this is an appropriate instance in which to speak also to the authority of the trial court to dismiss the complaint "with prejudice." It is my position, sustained by the law, that the county court had no authority to dismiss the complaint "with prejudice," without regard to whether it might have properly dismissed the complaint for some defect.

The only rule or statutory authority for dismissal of criminal cases by the county court in our state was found in Rule 45(b) of the Wyoming Rules of Criminal Procedure, the rule which governed this particular case, and now found in Rule 39 of the Wyoming Rules of Criminal Procedure for County Courts. That authority is intended to permit dismissals in order to protect the constitutional right of the defendant to a speedy trial. Presumably it would be futile for the State to refile a criminal charge once it had been dismissed for that reason. Similarly, when other paramount constitutional considerations such as the right not to be twice put in jeopardy or the right to due process of law lead to dismissal, the futility of refiling also would be apparent. In such instances a dismissal "with prejudice" would aid in securing the individual right, and on the assumption that the refiling would be unlawful, there would be no infringement of the executive prerogatives.

Beyond that, when no constitutional inhibition against further prosecution is involved, any attempted dismissal of a criminal charge with prejudice by a trial court contravenes the provisions of Art. 2, § 1 of the Constitution of the State of Wyoming. It there is provided as follows:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The prosecutive decision traditionally has been exercised by the executive department, *Confiscation Cases,* 74 U.S. (Wall.) 454, 19 L.Ed. 196 (1869), and an attempt by the judicial branch of government to exercise that authority by purporting to foreclose the refiling of a criminal charge in the absence of a constitutional or statutory proscription is constitutionally prohibited as a violation of the separation of powers doctrine.

Other jurisdictions have recognized that a trial court is without power to enter a nolle prosequi over the objections of the prosecuting attorney. While they have not necessarily articulated that rule in terms of a constitutional standard, still the essential thrust of their statements of the rule is consistent with this proposition.

As the Texas court said in *State v. Anderson,* 119 Tex. 110, 26 S.W.2d 174, 175, 69 A.L.R. 233 (1930):

"The courts of Texas must look to the Constitution of this state, the enactments of the Legislature, and the common law for their authority to summarily dismiss criminal cases over the protest of the district attorney in charge of such prosecution. And, if the authority does not exist at common law, and has not been conferred by the Constitution nor by the statutes of this state, then the attempted exercise of such power by the court in this instance is ineffectual and void. [Citations.]"

The Texas court cites a number of cases as authority for that proposition. In addition the same proposition appears in *Hammers v. State,* 261 Ark. 585, 550 S.W.2d 432 (1977); *State v. Summa,* 5 Conn.Cir. 78, 242 A.2d 94 (1968); and *State v. Hodsdon,* Del. Super., 289 A.2d 635 (1972). The logical extension of a rule that the trial court cannot dismiss a criminal charge over the protest of the prosecuting attorney has to be that it cannot inhibit the refiling of a criminal charge even though technically a dismissal is found to be proper. Such an assumed power, as noted earlier, would contravene the separation of powers doctrine provided in our constitution.

ROSE, Justice, specially concurring.

I concur in the specially concurring opinion of Justice Thomas, but I do *not* hold with the specially concurring opinion of Justice Raper for two reasons:

First, the right of the State of Wyoming to appeal an adverse decision in a criminal case is not raised and, therefore, according to our traditional position, we should not undertake decision-making where issues are not raised by the parties to the appeal, *ABC Builders, Inc. v. Phillips,* Wyo., 632 P.2d 925 (1981).

Secondly, Justice Raper has not shown me that there is any authority for the State of Wyoming to "appeal" an adverse decision. So far as I am concerned, bills of exception remain the only avenue along which the State may travel to find relief from where the decision in the district court is adverse in a criminal prosecution.